**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-CR-5-JFH** |
| **RANDALL PATRICK FOLTYNIEWICZ,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is Defendant Randall Patrick Foltyniewicz's Opposed Corrected Motion for Leave to File Second Motion to Dismiss Out of Time. Dkt. No. 178. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

In an Indictment filed on January 14, 2025, Defendant was charged with five (5) counts of Stalking in violation of 18 U.S.C. §§ 2261A(2) & 2261B, and five (5) counts of Mailing Threatening Communications in violation of 18 U.S.C. §§ 867(c). Dkt. No. 23. On January 21, 2025, upon the Government's oral motion, Magistrate Judge Jason A. Robertson entered an Order for Competency Evaluation. Dkt. No. 37. Following a competency evaluation and competency hearing, the Magistrate Judge determined that Defendant was not competent to stand trial and issued an Order of Commitment on April 30, 2025. Dkt. Nos. 59, 60, 141 at 2. After another medical evaluation and subsequent evidentiary hearing on March 12, 2026, the Magistrate Judge entered an Order Authorizing Involuntary Administration of Medication. Dkt. Nos. 117, 118. Defendant's condition ultimately improved, and on August 14, 2026, the Magistrate Judge found Defendant mentally competent to stand trial. Dkt. No. 153.

Six days later, on August 20, 2026, the Court entered an Amended Scheduling Order, setting this matter on the October 2026 trial docket and ordering all motions to dismiss for insufficient indictment be filed on or before August 31, 2026. Dkt. No. 160.[1] Defendant then filed a Motion to Extend Scheduling Order Dates and Jury Trial and executed a proper speedy trial waiver. Dkt. Nos. 168, 170. Considering Defendant's interests and the public's interest in the speedy resolution of criminal cases, the Court found that a limited ends of justice continuance was appropriate. Dkt. No. 177. Accordingly, the Court entered an Opinion and Order on September 8, 2026, continuing this matter to the January 2026 trial docket and ordering all motions to dismiss for insufficient indictment be filed on or before October 22, 2026. Dkt. No. 160.

On October 14, 2026, Defendant filed an Opposed Motion to Dismiss based on alleged violations of his statutory and constitutional speedy trial rights. Dkt. No. 178. Specifically, defendant argued he was subject to excessive and unreasonable delays related to the competency process. *Id.* at 19. Defendant further noted that he has asserted his speedy trial rights and resistance to delays in *pro se* filings throughout this proceeding. *Id.* at 20. On October 29, 2026, one (1) week after the deadline for filing motions to dismiss for insufficient indictment, Defendant's counsel moved for a second continuance of the scheduling order dates and jury trial. Dkt. No. 184. However, defense counsel later withdrew this request for continuance, noting that Defendant refused to sign a speedy trial waiver form. Dkt. No. 190.

On November 6, 2026, Defendant filed an Unopposed Motion for Leave to File an Omnibus Motion in Limine Out of Time Out of Time, which this Court granted. Dkt. Nos. 191, 194, 195. However, on November 10, 2026, nearly three (3) weeks after the current deadline for

---

[1] The Court entered an initial Scheduling Order on August 17, 2026 [Dkt. No. 154], but subsequently entered an Amended Scheduling Order on August 20, 2026, following Defendant's Arraignment on August 19, 2026. Dkt. Nos. 157, 160.

filing motions to dismiss for insufficient indictment, Defendant filed an Opposed Motion for Leave to File a Second Motion to Dismiss Out of Time. Dkt. No. 199. The Government generally opposes the relief sought by Defendant. *Id*.

**AUTHORITY AND ANALYSIS**

Defendant's proposed second motion to dismiss challenges the sufficiency of details and specificity of the January 14, 2025, Indictment, under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) (lack of specificity), (v) (failure to state an offense), and the Fifth and Sixth Amendments. Dkt. No. 199-1. Under Rule 12(b)(3), an objection that an indictment is defective, including the defense that the indictment lacks specificity and fails to state an offense, must be raised by pretrial motion "if the basis for the motion is then reasonably available[.]" Fed. R. Crim. P. 12(b)(3)(B). The court may set deadlines for the filing of pretrial motions, and it may reset the deadlines at any time prior to trial. Fed. R. Crim. P. 12(c)(1)-(2).

However, "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the [motion] if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Pursuant to the Advisory Comm. Notes to Fed. R. Crim. Proc. 12 (2014), "'good cause' . . . is a flexible standard that requires consideration of all interests in the particular case." (emphasis added)). "A defendant does not have good cause warranting relief. . . when he had all the information necessary to bring a 12(b) motion before the date set for pretrial motions." *United States v. Searcy*, 278 Fed.Appx. 979, 981 (11th Cir. 2008) (citing *United States v. Ramirez,* 324 F.3d 1225, 1228 n.8 (11th Cir.2003) (per curiam)); *see also, United States v. Tilcock*, 2026 WL 503264, *1 (D. Kan. Feb. 24, 2026) (unpublished) (citing *United States v. Bryant*, 5 F.3d 474, 476 (10th Cir. 1993); *United States v. Gonzales*, 229 F. App'x. 721, 725 (10th Cir. 2007) (unpublished)). The district court's decision to grant or deny relief will not be overturned absent a showing of

abuse of discretion. *United States v. Bowline*, 917 F.3d 1227, 1238 (10th Cir. 2019) (Because Defendant raised his untimely argument before the district court, and the district court ruled that Defendant failed to demonstrate good cause, we review that ruling for abuse of discretion.).

Here, this Court initially set an August 31, 2026, deadline for motions to dismiss for insufficient indictment, which was later continued to October 22, 2026, upon the filing of an unopposed continuance request and speedy trial waiver by Defendant. Despite this continuance, Defendant only filed one Motion to Dismiss [Dkt. No. 178] by the motion deadline. Defendant has made no attempt to show good cause for his failure to timely file a second motion to dismiss. Specifically, in Defendant's Motion for Leave, counsel for Defendant stated that they simply did not realize an additional motion to dismiss was necessary prior to the October 22, 2026, deadline. Dkt. No. 199 at 2. At the pretrial conference on November 12, 2026, counsel for Defendant further explained that they do not work on the merits of a case during the pendency of competency proceedings. Then, in Defendant's supplemental brief, filed on November 13, 2026, counsel for Defendant claimed that their failure to timely file a second motion to dismiss "was an inadvertent mistake" and requested this Court to consider Defendant's unexpected refusal to sign a second speedy trial waiver. Dkt. No. 207 at 5-6.

Ultimately, Defendant does not dispute that he had all the information necessary to bring a Rule 12(b) motion before the Court's October 22, 2026, deadline. His arguments relating to the indictment's alleged insufficiency and failure to state an offense could have been timely raised at any time since the Indictment's filing on January 14, 2025, nearly two (2) years ago. Defense counsel's delay in considering the merits of the case during the pendency of the competency proceedings does not explain Defendant's failure to timely file a second motion to dismiss by the deadline of October 22, 2026, over two (2) months after the Court entered its Amended Scheduling

Order on August 20, 2026. Similarly, Defendant's "unexpected" refusal to sign a *second* speedy trial waiver on November 4, 2026, does not explain, much less establish good cause, for Defendant's failure to file his second motion to dismiss by the October 22, 2026, deadline. The Court further notes that, although counsel for Defendant has referred to Defendant's refusal to sign a second speedy trial waiver as "unexpected," Defendant had already raised speedy trial issues and asserted his "resistance to delays" at the time he was requested to sign another waiver. *See* Dkt. No. 178 at 21.

In addition, Defendant's cited authority, *Unites States v. West*, 828 F.2d 1468 (10th Cir. 1987), is distinguishable from the issues before the Court. In *West*, the Tenth Circuit found it was an abuse of discretion by the district court to deny a request to continue trial by one (1) day to allow the defense to produce a final witness where counsel included the wrong date on the witness' subpoena. Reversing the Defendant's conviction, the Tenth Circuit explained that counsel's failure to include the proper date on the subpoena was, if anything, a minor error that does not demonstrate a lack of diligence. The same cannot be said here, where Defendant had all the information necessary to bring a Rule 12(b) motion nearly two (2) years before the October 22, 2026, deadline but failed to do so.[2]

In another case cited by Defendant, *United States v. King*, 664 F.2d 1171, 1173 (10th Cir. 1981), the Tenth Circuit held that the district court improperly denied the defendant his sixth

---

[2] Notably, *West* did not involve Rule 12(b) motions or the good cause requirement for untimely filings. Nonetheless, Defendant appears to urge this Court to consider the factors discussed in *West,* particularly the factor of prejudice, in determining whether to grant his Motion for Leave. However, without any facts or arguments to suggest that Defendant's failure to timely file a second motion to dismiss was excusable, this Court need not consider what, if any, showing of prejudice is required or likely to result from a denial of Defendant's Motion for Leave. *Bowline*, 917 F.3d 1227, at fn. 1 (declining to address "what, if any, requirement of prejudice must be satisfied" where the defendant failed to show good cause for his delay in asserting his Rule 12 argument).

amendment right to effective assistance of counsel by declining an extension of the trial date where the defendant was given only twenty-seven (27) days to research and prepare a defense to a tax fraud charge, which the government developed over a three-year period, and was forced to secure new counsel twelve (12) days before trial. 664 F.2d at 1173. That is certainly not the case here, where counsel for Defendant was aware of the contents of the Indictment on January 14, 2025, and failed to file a motion to dismiss for insufficient indictment by the Court's October 22, 2026, deadline. Contrary to the court in *King*, this Court granted Defendant's August 26, 2026, request for continuance of the scheduling order deadlines and trial, which continued the deadline for motions to dismiss for insufficient indictment from August 31, 2026, to October 22, 2026. Dkt. Nos. 160, 168, 177. Despite being aware of the contents of the Indictment since January 14, 2025, Defendant failed to file his motion to dismiss for insufficient indictment by the continued deadline.

Having been provided no argument or authority to establish good cause for his delay in filing a second motion to dismiss, the Court denies Defendant's Opposed Motion for Leave to File a Second Motion to Dismiss Out of Time [Dkt. No. 199].

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Opposed Motion for Leave to File Second Motion to Dismiss Out of Time [Dkt. No. 199] is DENIED.

IT IS FURTHER ORDERED that because Defendant's Opposed Motion [Dkt. No. 199] was filed as a correction to Defendant's Unopposed Motion for Leave to File Second Motion to Dismiss Out of Time [Dkt. No. 198], Defendant's Unopposed Motion [Dkt. No. 198] is accordingly DENIED as MOOT.

Dated this 17th day of November 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE